## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TOBIAS LEVITICUS WORTHEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:21-CV-341-CAR-CHW** |
| | : | |
| **Warden TRACY JEFFERSON,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## ORDER

Plaintiff Tobias Leviticus Worthen moves for appointment of counsel for the third time, arguing that his imprisonment impedes his ability to litigate and that counsel would better enable him to proceed with his case. (Doc. 50). Specifically, Plaintiff argues that he was unable to obtain the affidavits of other inmates to prepare for his response to the Defendants' Motion for Summary Judgment (Doc. 47) because of restrictions prohibiting inmates from writing to other inmates within the Georgia Department of Corrections ("GDOC"). For the following reasons, Plaintiff's motion (Doc. 50) is **DENIED.**

As the Court has explained in its previous orders denying Plaintiff's motions for appointment of counsel, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); (Docs. 27; 40). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir.

1989).[1]   But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam).

A claim that an inmate was unable to acquire affidavits or other discovery from other inmates may warrant the appointment of counsel in cases with exceptional circumstance. *See Smith v. Fla. Dept. of Corr.*, 713 F.3d 1059, 1064-65, 1064 n.9 (11th Cir. 2013) (holding that an inmate's inability to communicate with other inmates prevented the plaintiff from gathering essential facts where plaintiff filed multiple motions to compel and there was additional evidence that Defendant Florida Department of Corrections may have had ulterior motives for blocking plaintiff's communications); *Neal v. Cassiday*, 511 F.App'x. 865-66 (11th Cir. 2013) (holding that there were exceptional circumstances warranting appointment of counsel where plaintiff was partially blind, his transfer to different prisons throughout the case significantly undermined his ability to locate witnesses because of the restrictions on inmate communications, and the potential witnesses' testimony was critical because the case centered on conflicting testimony).

Plaintiff's case does not involve such exceptional circumstances, and Plaintiff has not alleged that there are any facts that his desired witnesses could attest to that Plaintiff cannot plead on his own. *See Hamze v. Steele*, 509 F. App'x. 897, 899 (11th Cir. 2013) (holding that the district court did not abuse its discretion in denying plaintiff's motions for counsel where plaintiff "witnessed the incidents about which he complained; his facts and issues were not novel or complex; and he had filed coherent pleadings, obtained extensions of time, and responded timely

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

to rulings by the district court").  Plaintiff's case is similar to *Hamze v. Steele* in that there are no exceptional circumstances that warrant the appointment of counsel, Plaintiff has filed very coherent pleadings, and otherwise has appropriately maintained his case without help of counsel. Notably, Plaintiff was able to file a coherent response to the Defendants' Motion for Summary Judgment more than a month before filing the present motion for appointment of counsel without the desired witness affidavits.  (Doc. 48).  Plaintiff's response contains detailed factual allegations about his claims, and there is no indication in his motion for counsel or in his response that witness testimony is necessary to establish essential facts in this case.  (*Id.*)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointed counsel is denied. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.  Any additional motions for appointment of counsel will be summarily denied.

Accordingly, Plaintiff's motion (Doc. 50) is **DENIED.**

**SO ORDERED**, this 19th day of July, 2023.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge